

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOSE ROBERTO OVALLE-CERDA,        §
                                 §
          Movant,                §
                                 §
VS.                              §   NO. 4:16-CV-682-A
                                 §   (NO. 4:15-CR-172-A)
UNITED STATES OF AMERICA,        §
                                 §
          Respondent.            §

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for decision the motion of Jose Roberto Ovalle-Cerda ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, the government's response, and pertinent parts of the record in Case No. 4:15-CR-172-A, styled "United States of America v. Ovalle-Cerda et al," the court has concluded that such motion should be denied.[1]

---

[1]The court notes that petitioner has filed an interlocutory appeal with the United States Court of Appeals for the Fifth Circuit. In his notice of appeal, however, petitioner indicates that he "appeals <u>to</u> the Northern District of Texas from deny petitioner motion under 28 U.S.C.§2255 pursuant to mandate imposed on July 27,2016," doc. 8 at 1, which the court takes to be a reference to the government's response in opposition to petitioner's § 2255 motion, doc. 6. It is apparent, therefore, that petitioner's appeal is frivolous insofar as it does not seek review of a decision of this court. Accordingly, the court does not view the notice of appeal as sufficient to divest it of jurisdiction. Fed. R. Civ. P. 62(a); <u>Williams v. Brooks</u>, 996 F.2d 728, 730 (5th Cir. 1993) ( holding that "the filing of a <u>non-frivolous</u> notice of interlocutory appeal . . . divests the district court of jurisdiction to proceed"); <u>Taylor v. Sterrett</u>, 640 F.2d 663, 668 (5th Cir. 1981) (explaining that "where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal").

I.

Background

On August 28, 2015, movant pleaded guilty to the offense of alien in possession of a firearm in commerce. CR Doc.[2] 1; CR. Doc. 33. Movant's Guideline imprisonment range was 24 to 30 months.  On December 18, 2015, the court sentenced him to a term of imprisonment of 30 months and three years of supervised release. CR. Doc. 53; CR. Doc. 54. Movant did not appeal his sentence.

The government does not dispute that movant has timely filed his motion under 28 U.S.C. § 2255. The pertinent facts are adequately summarized by the government's response and will not be repeated here.

II.

Grounds of the Motion

The wording and structure of the motion is such that the court has difficulty defining exactly what the grounds of the motion are.  However, the court is going to proceed on the assumption that in the government's response it accurately interpreted the grounds of the motion to be as follows:

- Ground One: That his lawyer provided ineffective representation "by not devoting full effort" to

_____

[2]The "CR Doc._" references are to the numbers assigned to the referenced documents on the docket of the underlying criminal case, No. 4:15-CR-172-A.

the case; by not "raising a specific ethical case
of u.s. [sic] jurisprudence"; and by having "show
a condiction [sic] that represent[ed] a conflict
of interest."  (CV No. 1 at 4.)

- Ground Two: That his conviction under 18 U.S.C.
  § 922(g)(5)(A) for possessing a firearm as an
  illegal alien violated his "[F]ifth [A]mendment
  right of due process because section 922(G)(5)(A)
  and the statutory provision converted the residual
  clause in vagueness provision's [sic]."  (Id.)

- Ground Three: That his sentencing guidelines had
  to be proven to a jury beyond a reasonable doubt
  as required by Alleyne v. United States, 133 S.
  Ct. 2151, 2155 (2013). (Id. at 5.)

Doc. 6 at 2.

### III.

### Analysis

A.  Pertinent Legal Principles

1.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion of any right to appeal,

courts are entitled to presume that a defendant stands fairly and

finally convicted. United States v. Frady, 456 U.S. 152, 164-65

(1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir.

1991).

Section 2255 does not offer recourse to all who suffer trial

errors. It is reserved for transgressions of constitutional

rights and other narrow injuries that could not have been raised

on direct appeal and would, if condoned, result in a complete

miscarriage of justice. United States v. Capua, 656 F.2d 1033,

3

1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

    2.   Legal Standard for Ineffective Assistance of Counsel

    To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial

process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Stated differently, the question is whether counsel's representation amounted to incompetence under prevailing professional norms and not whether it deviated from best practices or most common custom. Premo v. Moore, 562 U.S. 115, 122 (2011).

B.    The Grounds of the Motion are Without Merit

    1.    Ground One

Movant's claim are nothing more than a series of conclusory allegations which cannot sustain a claim for ineffective assistance of counsel. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983). Movant wholly fails to provide any support regarding the "ethical case of u.s. [sic] jurisprudence" or counsel's conflict of interest. Movant appears to be claiming that he purchased the firearms in question legally and had receipts to prove he purchased the firearms. However, movant pled guilty to being an alien in possession of a firearm in commerce, a crime for which compliance with purchasing requirements applicable to a United States citizen would be no defense. CR.

Doc. 33. An ineffective assistance of counsel claim cannot be based on "an attorney's failure to raise a meritless argument." See United States v. Kimbler. Thus, movant has not shown ineffective assistance of counsel.

2.   Ground Two

Movant's second ground, that 18 U.S.C. § 922(g)(5)(A) is unconstitutionally vague, is supported by the allegation that he was arrested outside of the store where he purchased the firearm and that there was no evidence he was selling guns. Doc. 1 at 5. However, movant cannot use a motion under § 2255 to raise an argument that could have been raised on direct appeal. Davis, 417 U.S. at 345. It appears that movant is contesting that the firearm traveled in interstate commerce. However, movant signed a factual resume that established that the firearm had traveled in interstate commerce and pleaded guilty to the charge of alien in possession of a firearm in commerce. CR. Doc. 33; CR. Doc. 35. Thus, movant has not shown that he has a cognizable claim under § 2255.

3.   Ground Three

Movant's third ground is that under Alleyne v. United States, his sentencing guidelines had to be proved to a jury beyond a reasonable doubt. Doc. 1 at 5-6; 133 S. Ct. 2151, 2155 (2013). Again, movant cannot raise arguments he failed to raise

6

on direct appeal. <u>Davis</u>, 417 U.S. at 345. In addition, a motion under § 2255 may not be used to address claims of misapplication of the sentencing guidelines, which it appears is movant's main goal. <u>See</u> <u>United States v. Williamson</u>, 183 F.3d 458, 462 (5th Cir. 1999). Movant's conclusory allegations cannot form the basis of a motion under § 2255. <u>See</u> <u>Ross</u>, 694 F.2d at 1012.

IV.

<u>Order</u>

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

The court further ORDERS that Ovalle-Cerda's motion for appointment of counsel filed on August 31, 2016, be, and is hereby, denied.

\* \* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED September 8, 2016.

JOHN McBRYDE
United States District Judge